UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**ROBERT DEWAYNE JOHNSON** * **DOCKET NO. 17-0862**
　　　　　　　　　　　　　　　　　　　　　　**SECTION P**

**VERSUS** * **JUDGE TERRY A. DOUGHTY**

**JERRY GOODWIN** * **MAG. JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

*Pro se* petitioner, Robert Dewayne Johnson, an inmate in the custody of the David Wade Correctional Center in Homer, Louisiana, filed the instant Petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on July 3, 2017. [doc. #1]. Petitioner attacks his December 13, 2012 conviction for armed robbery, and his sentence of 60 years imposed thereon by Louisiana's Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Background Facts and Procedural History

The underlying facts in this case have been set forth by the Louisiana Second Circuit Court of Appeal as follows:

> This offense occurred at the County Market grocery store on Louisville Avenue in Monroe. On September 11, 2011, the defendant entered the store through the front doors and walked through the checkout lines into the merchandise area. Kenneth Gordon, the assistant manager, was monitoring the in-store video surveillance system. He saw the defendant conceal several containers of deodorant and walk past the cash registers.
>
> Gordon confronted the defendant near the front door, suggesting that he return the stolen items and just leave the store. The defendant refused, pulling out a box cutter seen by Gordon and a cashier, Ms. Sherata Carter. Gordon said that the box cutter was the "exact same model that I use every day at work."

When Gordon saw the box cutter, he jumped back and told the other employees not to try and detain the defendant. Gordon said to call the police and tell them that the defendant was armed.

The video is of low quality, but basically confirms the incident, though the weapon is not visible.

Monroe Police Officer Michael Freeman stopped the defendant after a short foot chase. The officer found numerous cans and sticks of deodorant on the defendant, as well as a loose box cutter blade. No box cutter was ever recovered.

The defendant admitted to the officer that he stole the deodorant, but denied that he had a box cutter. Officer Freeman took the defendant back to the grocery store, where Gordon identified the defendant as the perpetrator.

At sentencing, the trial court noted that the defendant:

- had three convictions for possession of cocaine (1995, 2008, and 2010)

- had a long history of misdemeanor offenses and arrests (Examples of Johnson's criminal history include theft, trespass, flight from an officer, and battery.);

- had been arrested, but not convicted, for aggravated arson and forcible rape;

- was not prosecuted in the rape case because the victim could not be located;

- attended school through the eighth grade before being expelled;

- never got his GED;

- had only four jobs in his life, none of which lasted more than six months;

- has a poor history with supervised release (The trial court noted at sentencing: "Every time he's been released from prison, he has reoffended within a matter of days or months.");

- was a fourth-felony offender; and

- was fortunate not to be adjudicated as a habitual offender.

*State v. Johnson*, 121 So.3d 1251, 1253-54 (La. Ct. App. 2d Cir. 2013).

Johnson timely appealed his convictions to the Second Circuit arguing two claims for relief: (1) insufficient evidence to support a conviction of armed robbery, and (2) excessive sentence. [doc. # 18-4, p. 5]. On August 7, 2013, the appellate court affirmed Johnson's conviction and sentence. *Johnson*, 121 So.3d 1256.

On December 16, 2013, Johnson filed a writ application with the Louisiana Supreme Court arguing the same two issues. [doc. # 18-4, pp. 38-47]. On March 14, 2014, the Louisiana Supreme Court denied writ without explanation. *State v. Johnson*, 134 So. 3d 1194 (La. 2014) (mem.).

On October 8, 2014, Johnson filed an application for post-conviction relief with the state trial court asserting two claims for relief: (1) insufficient evidence to support a conviction of armed robbery, and (2) excessive sentence. [doc. # 18-4, pp. 93-110]. On July 1, 2015, the trial court denied Johnson's application. [doc. # 18-4, pp. 119-120].

On August 20, 2015, Johnson filed a writ application with the Second Circuit. [doc. # 18-4, pp. 121-130]. Johnson argued the same claims. [doc. # 18-4, pp. 126-129]. On October 29, 2015, the appellate court denied writ "[o]n the showing made." [doc. # 18-4, p. 133].

On December 4, 2015, Johnson filed a writ application with the Louisiana Supreme Court arguing that the Second Circuit erred in denying his writ application. [doc. # 18-4, pp. 134-140]. On April 7, 2017, the Louisiana Supreme Court denied writ. [doc. # 18-4, pp. 141-144]**.**

On February 3, 2017, Johnson filed the instant federal habeas petition asserting the following claims for relief: (1) insufficient evidence to support a conviction of armed robbery, and (2) excessive sentence. [doc. # 1-2, pp. 2-6]. The State filed its response on March 15, 2018. [doc. #12]. On May 8, 2018, the undersigned entered an Order directing the State to file a

copy of the video discussed in the pleadings. [doc. # 20]. The State complied, and the matter is now ripe.

## I. Standard of Review – 28 U.S.C. § 2254

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2254, governs *habeas corpus* relief. The AEDPA limits how a federal court may consider *habeas* claims. After the state courts have "adjudicated the merits" of an inmate's complaints, federal review "is limited to the record that was before the state court[.]" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). An inmate must show that the adjudication of the claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 740. Under the "unreasonable application" clause, a federal *habeas* court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal

courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). AEDPA has put into place a deferential standard of review, and a federal court must defer to a state court adjudication on the merits. *Valdez v. Cockrell*, 274 F.3d 941, 950 (5th Cir. 2001). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

**II.    Petitioner's Claims**

Claim One: Insufficient Evidence to Support Armed Robbery Conviction

Johnson argues that the evidence presented at trial was insufficient to support a conviction of armed robbery. [doc. #1-2, pp. 2-4]. He alleges that Gordon's testimony "is contradicted by every other witness's testimony and, most importantly, by his own surveillance video." [doc. # 1-2, p. 3]. Johnson does not identify any witness testimony that he believes to contradict Gordon's testimony. Instead, Johnson focuses on an alleged inconsistency between Gordon's testimony and the surveillance video. Specifically, Johnson asserts that the video shows that other store patrons were unconcerned during his conversation with Gordon and that the video does not show Gordon reacting to Johnson's threats. Johnson argues that the evidence was insufficient to support his armed robbery conviction. [doc. # 1-2, p. 4].

Johnson argued this same claim on appeal in state court. The state appellate court affirmed his conviction and sentence. When a *habeas* petitioner asserts that the evidence presented to the court was insufficient to support his conviction, the limited question is whether the state court's decision to reject that claim was an objectively unreasonable application of the

clearly established federal law as set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Williams v. Puckett*, 283 F.3d 272, 278-79 (5th Cir. 2002). A conviction is based on sufficient evidence if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. The *Jackson* inquiry "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993). Thus, a conviction may rest on sufficient evidence "even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991).

In Louisiana, "armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." LA. R.S. § 14:64(A). Johnson asserts that the evidence submitted at trial was insufficient to prove that he used force or intimidation and was armed with a dangerous weapon. [doc. #1-2, p. 4]

On appeal, the Louisiana appellate court invoked and applied the *Jackson* standard, and it did not do so unreasonably. *See Johnson*, 121 So. 3d at 1254. The appellate court set forth the testimony and evidence presented at trial as follows:

> Both Gordon and a cashier saw the box cutter and heard the defendant say: "I'll cut you" or "I'll gut you." As for the reactions of the victim and the other persons as shown on the video recording, the recording shows that Gordon attempted to maintain some distance between himself and the defendant, although at one point, the defendant strode toward Gordon, coming within arms' reach before Gordon backed away. The video does not clearly show that Gordon "jumped back" from the defendant but it does show that he moved away from the defendant as the defendant moved toward the door. Any inconsistencies between the video and Gordon's testimony are quite minor. The jury's verdict is consistent with the video.

*Id.* at 1255.

The undersigned has read a transcript of Gordon's trial testimony and watched the surveillance video. Gordon testified as follows: Gordon saw Johnson place deodorant into his coat pocket and make his way toward the store exit. *See* Transcript of Trial, doc. # 18-3, pp 36-37. Gordon let Johnson know that Gordon was aware that Johnson was attempting to steal the items. *See id.* at p. 37. Gordon offered to let Johnson put the items back and that he would not call the police. *See id.* Johnson then reached into his jacket pocket and pulled out a box cutter where only Gordon could see it. *See id.* at p. 38. Gordon then took a half step back and informed the staff that they should not to attempt to detain Gordon. *See id.* at p. 40. As Johnson entered the doorway Gordon called out to call the police. *See id.* Johnson then turned around and said I'll cut or gut you. *See id.* Gordon then pulled out his box cutter and informed Johnson that he also had one. *See id.* Johnson then left the store. *See id.*

In the surveillance video, Johnson walks through an un-staffed check-out lane. In an adjacent lane, a cashier is speaking with a customer while the customers bags their groceries. The cashier then walks into Johnson's path and appears to speak with Johnson. At that time, another employee who had been standing nearby, walks closer to Johnson and the cashier. The cashier begins to walk away as Gordon enters the picture. Gordon walks toward Johnson stopping between Johnson and the store's exit. Gordon appears to speak with Johnson. A small crowd forms and the customer who had been bagging his groceries stops to watch the interaction. Johnson's hands are at his side; he appears to lean to one side. Gordon makes a gesture pointing at his chest, then steps aside. Two customers enter the store and walk behind Gordon, then out of the picture. As Johnson is walking past Gordon to exit the store, Gordon removes an item from his breast pocket and appears to continue speaking to Johnson. Johnson pauses at the exit and appears to speak with Gordon. Another employee walks behind Gordon as Johnson exits the store. After Johnson exits, that

employee returns to the aisle, then follows Gordon out of the picture.

Applying the *Jackson* standard, the appellate court held that the aforementioned evidence was sufficient to support Petitioner's conviction of armed robbery. *Id.* The appellate court's description of the surveillance video is accurate. The video is not significantly inconsistent with Gordon's testimony and is consistent with the jury's verdict. Johnson can be seen leaning over around the time that Gordon states that Johnson pulled a box cutter from his pocket. Shortly afterward, Gordon steps to the side and Johnson makes his way toward the exit. Despite Johnson's assertion that the customers appear unconcerned, the surveillance video clearly shows that a small crowd stops what they were doing and watches the interaction. Also, at the time when Gordon testified that Johnson made the threat to cut or gut him, an employee walks behind Gordon as if to provide support or assistance. Soon thereafter, Gordon can be seen removing something from his breast pocket, consistent with his testimony that he removed his own box cutter in an attempt to counter Johnson's threat.

A reasonable jury could have believed Gordon's testimony, found the surveillance video largely consistent with Gordon's testimony, and found that Johnson had brandished a box cutter and threatened serious harm to Gordon in the commission of his theft. Based on the foregoing, the undersigned finds that the state court did not unreasonably apply the *Jackson* standard.

Claim one should be DISMISSED.

Claim Two: Excessive Sentence

Johnson received a sentence of 60 years at hard labor without the benefit of probation, parole, or suspension of sentence. Though eligible, Johnson was not adjudicated a habitual offender. *See Johnson*, 121 So.3d at 1255. Johnson argues that his sentence was unconstitutionally excessive because he did not physically injure anyone and the value of the stolen merchandise was low. [doc. # 1-2, pp. 4-6]. Johnson's sentence was near the midpoint of

the 10-99 years sentencing range for an armed robbery conviction in Louisiana. LA. R.S. § 14:64(B).

To the extent that Johnson is claiming that his sentence is excessive under Louisiana law or that the trial court failed to comply with state sentencing procedures, that claim is not cognizable in this federal proceeding. *See Pierre v. Radar*, No. 11-55, 2012 WL 3026790, *6 (E.D. La. June 18, 2010) (cases cited therein). Federal habeas corpus relief is available only for violations of federal constitutional law.

"[T]he Eighth Amendment does not require strict proportionality between crime and sentence, but rather forbids only extreme sentences that are grossly disproportionate to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 959 (1991); *see Lindsey v. Cain*, 267 F. App'x 374, 374 (5th Cir. 2008). Thus, "[a] federal court considering a habeas petition will not upset a state sentence within the statutory limits unless the sentence is so disproportionate to the offense as to be completely arbitrary and shocking." *Simmons v. Cain*, No. 06-2130, 2008 WL 2185422, *8 (E.D. La. May 20, 2008).

A determination of whether a sentence is grossly disproportionate for a particular crime begins by comparing the gravity of the offense and the severity of the sentence. *Graham v. Florida*, 130 S.Ct. 2011, 2022 (2010). Only if the Court infers that the sentence is grossly disproportionate to the offense will it then compare the sentence received to "(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions." *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). In *Rummel v. Estelle*, 445 U.S. 263 (1980), the Supreme Court established a "benchmark" for disproportionate punishment under the Eighth Amendment when it upheld a sentence of life imprisonment for a defendant's obtaining $120.75 under false pretenses. "[T]he life sentence approved in *Rummel* falls on the constitutional side of the line, thereby providing a litmus test for claims of

disproportionate punishment". *U.S. v. Gonzales*, 121 F.3d 928, 943 (5th Cir. 1997).

The foregoing authority compels a finding that Johnson's sentence was not grossly disproportionate in light of the severity of his crime. Johnson has an extensive criminal history and minimal employment history. Johnson's three prior felony drug convictions made him eligible to be adjudicated a habitual offender. [Doc. # 18-3, p. 125]. While Johnson's previous convictions were not for crimes of violence, the facts of this case paint him as irrational, violent, and dangerous. On appeal, the court rejected Johnson's claim that his sentence was excessive. The appellate court reasoned,

> We concede that the defendant's prior felony convictions were for nonviolent acts, and that many of his other arrests ended with no convictions. We further acknowledge that no one was physically injured in this event.
>
> This 60-year hard labor sentence, without eligibility for suspension of sentence, probation, or parole, is harsh. However, under these facts and considering the life of crime perpetrated by this defendant, the sentence does not shock the conscience. There is no legal error here.

*Johnson*, 121 So.3d at 1256. The undersigned cannot say that the state court's rejection of Johnson's argument was contrary to, or an unreasonable application of, clearly established federal law.

Claim two should be DISMISSED.

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that the Petition for *habeas corpus* filed by Petitioner Robert Dewayne Johnson, [doc. #1], be **DENIED and DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 22nd day of August, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE